**R. L. PHINNEY, Appellant,**

v.

**C. H. LANGDEAU, Receiver of Provident American Trust Co. et al., Appellee.**

No. 10770.

Court of Civil Appeals of Texas.

Austin.

June 29, 1960.

Rehearing Denied July 27, 1960.

Russell B. Wine, U. S. Atty., Preston H. Dial, Jr., Asst. U. S. Atty., San Antonio, for appellant.

Cecil C. Rotsch, Norman V. Suarez, F. William Colburn, Austin, for appellee.

ARCHER, Chief Justice.

This is a case where the District Director of Internal Revenue, R. L. Phinney, filed a claim against three insurance companies in receivership. Upon motion for payment of the claim the District Court held that the claim had been rejected by the Receiver, and the claimant failed to bring action upon the rejected claim within three months after service of notice of rejection, thereby rendering the rejection final and not subject to review.

The appeal is based on three points of error and are that the court erred in holding

that a letter to Harry C. Russey on October 6, 1958 constituted proper written notice under Article 21.28, Sec. 3(h) of the Insurance Code, V.A.T.S., in holding that the court's order of September 4, 1958 constituted proper written notice, and in holding that the three months' time for appeal of the receiver's rejection of the claim passed without such appeal having been filed and has therefore become final and not subject to review.

This is a case of first impression involving an interpretation of the following portion of V.T.C.S., Insurance Code:

> Art. 21.28, Sec. 3(h). "Action on Claims * * * Upon the rejection of each claim either in whole or in part, the receiver shall notify the claimant of each rejection by written notice. Action upon a claim so rejected must be brought in the court in which the delinquency proceeding is pending within three (3) months after service of notice * * *".

Prior to April 26, 1957 the District Court appointed J. D. Wheeler permanent receiver of the Provident American Trust Co., Legal Guaranty Life Insurance Co. and Provident American Life Insurance Co. et al.

On April 26, 1957 appellant through R. E. Kocurek mailed letters to the three companies in care of the receiver, informing Wheeler that documentary stamp taxes were due and owing by each of the companies, the claim aggregating $777.70, which was paid.

On May 13, the supplemental claim was made by R. L. Phinney, District Director of Internal Revenue, a duly authorized agent for the United States in this behalf, and further reciting that due demand on the tax debtor for the payment of said taxes had been made and that said taxes had not been paid, and claim was duly sworn to by Mr. Phinney.

Article 21.28, Sec. 3(h) supra, provides that notice of the rejection of a claim in whole or in part, that the receiver shall notify the claimant of such rejection by written notice.

On October 6, 1958 a letter was sent to Mr. Russey attaching a photostatic copy of a letter of rejection dated December, 1957.

On March 17, 1959 Mr. Russey requested the payment of the claim and he received a letter from an attorney for the receiver that the claim for $16,883.50 had been rejected by the letter of December 16, 1957.

On May 7, 1959 the attorney for the receiver wrote Mr. Russey, referring to prior correspondence concerning appellant's claim, and stated that the receiver was closing the receivership and requested a reply.

On July 21, 1959, appellant filed a motion for payment of its claim or a hearing thereon. A hearing on the motion was had on October 29, 1959, and judgment adverse to appellant was entered.

The court concluded as a matter of law that the provisions of Article 21.28 are controlling as to the rights of both parties and that appellant having filed the supplemental claim in the District Court was bound by the orders of that Court; that proper notice of the rejection of the claim was given on September 4, 1958 by the court's order approving the rejection and by the letter of October 6, 1958 with its enclosure, and that Russey was a proper person to notify of the rejection of the claim; that the three months' time for an appeal had expired without such appeal having been filed, and that the receiver's rejection had become final prior to July 21, 1959.

Subd. (d) (4) of Rule 4, Federal Rules of Civil Procedure, 28 U.S.C.A., provides for service on the United States and sets out how process may be had and upon whom.

It is apparent that none of the letters or notices were directed to claimant.

■ Appellee takes the position that the letter dated December 16, 1957 addressed

to R. E. Kocurek; Collection Officer, United States Treasury Department, signed by V. F. Taylor, an attorney for the receiver, constituted notice to the United States Government disallowing the claim, and that the three months' appeal period would preclude the necessity for his justifying the rejection in the court of law.

Appellant takes the position that notice to Kocurek, or Harry C. Russey, was not to a proper person and that notice to the claimant is mandatory and that the party to be served in this instance would be R. L. Phinney, who personally signed the proof of claim.

The further contention is that neither Kocurek or Russey was authorized by Phinney, or by any governmental directive to accept service of notice, or to sign and file the supplemental claim.

We do not believe that the letter of December 16, 1957 constituted proper written notice under Art. 21.28, Sec. 3(h), supra.

 The court's order of September 4, 1958 authorizing combining of accounting and records of the receivership, and payment of dividends would not constitute written rejection of the claim, but reaffirm the position of the receiver that written notice had previously taken place, and that more than three months had elapsed with no appeal being taken. The United States Government is not named in the order and such order cannot be considered as the written notice required by Art. 21.28, Sec. 3(h). United States v. Whisenant, Tex. Civ.App., 75 S.W.2d 958, er. ref.

The order makes no mention of the Government's claim and cannot be notice of rejection. J. M. West Lumber Co. et al. v. Lyon et al., 53 Tex.Civ.App. 648, 116 S.W. 652, er. ref.

In McClure v. Georgia Casualty Co., Tex.Com.App., Sec. A, 251 S.W. 800, judgment adopted by the Supreme Court, the court discusses the giving of notice by the provisions of Articles 5246–77, 5246–78, V.A.C.S. and held that notice upon the person to whom it is required to be given is necessary.

We do not believe that limitation began to run since the required written notice was not given. Federal Electric Co. v. Johnson, Tex.Civ.App., 187 S.W.2d 410, writ dism.

Statutes regulating the general subject of notice are construed most liberally in favor of the party who is affected by the notice. Hill v. Faison, 27 Tex. 428.

The judgment of the Trial Court is reversed and the cause remanded.

Reversed and remanded.