**GREAT AMERICAN INVESTMENT COMPANY, Appellant,**

v.

**Tom I. McFARLING, Receiver, Appellee.**

**No. 11514.**

Court of Civil Appeals of Texas.

Austin.

May 31, 1967.

Rehearing Denied June 21, 1967.

Kuykendall & Kuykendall, Kirk Kuykendall, Austin, for appellant.

Osorio & Palmer, Tom Thomas, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant, Great American Investment Company after having the hereinafter described claim rejected by the receiver and after the receivership had been closed by the district court, attempted to "intervene" in the receivership proceedings, have the court set aside the reinsurance contract negotiated by the receiver and approved by the court and reopen the receivership.

The trial court denied appellant any relief from which ruling appellant appeals to this Court.

The company in receivership in this case, Blue Bonnet Life Insurance Company was, prior to its failure and receivership, a mutual assessment life insurance company organized and operating under the provisions of chapter 14 of the Texas Insurance Code.

On April 2, 1964, upon petition of Clay Cotten, Liquidator-Receiver for the Texas Department of Insurance, this company was placed into receivership by order of the 53rd District Court of Travis County, Texas. At the time of its entry into receivership, Blue Bonnet Life Insurance Company was insolvent, having liabilities in excess of its assets.

On April 22, 1964, the Receiver entered into a contract and agreement with National Bankers Life Insurance Company, wherein National Bankers Life agreed to advance and pay certain cash funds to the Receiver to provide funds for the receivership estate; to pay creditors and to meet policyholder claims, and to reinsure all outstanding policies of Blue Bonnet Life Insurance Company to protect existing policy holders from further loss.

This contract was submitted to the court for consideration by the Receiver and was subsequently approved.

Thereafter, pursuant to this contract, National Bankers Life paid the Receiver cash sums totaling at least $169,500.00 and established the policy reserves for reinsured policies as agreed upon and approved by the court.

In March of 1965, the claim of Appellant Great American Investment Company was submitted to the receiver by Mr. William H. Haight as the Attorney for Appellant and for Charles F. Palm, its President. Thereafter in June of 1965, Mr. Martin DeStephano, an attorney for the Receiver, addressed and sent a rejection of this claim by certified mail, return receipt requested. It is undisputed that this rejection was received and acknowledged by Mr. Haight, then attorney of record for appellant and C. F. Palm. No further claim or objection was received by the Receiver until the receivership was formally closed on June 20, 1966.

Appellant is before this Court on five points of error [1] however due to the disposition we make of this case we need notice only the first point which is the error

1. Appellant's remaining points of error are:

"The trial court erred in overruling Appellant's Motion for New Trial because the transfer of funds by the Receiver to National Bankers Life Insurance Company was an illegal or unlawful transfer, not authorized by law; the trial court erred in overruling Appellant's Motion for New Trial because the funds remaining in the hands of the Receiver after the payment of the final dividend did not constitute Mortuary Funds which could be transferred to National Bankers Life Insurance Company under the Contract of Reinsurance; the trial court

erred in overruling Appellant's Motion for New Trial because National Bankers Life Insurance Company did not show, and the Receiver did not know, the amount of money National Bankers Life Insurance Company was entitled to under the Contract of Reinsurance, and the trial court erred in overruling Appellant's Motion for New Trial because all funds in the hands of the Receiver, after the payment of the final dividend, were funds subject to distribution to claimants, policyholders or other persons and should have been delivered to the State Board of Insurance."

of the trial court in overruling Great American Investment Company's motion for new trial asking that the order closing the receivership be set aside because Great American Investment Company's claim had never been rejected in the manner required by law, and the receivership was not ready to be properly closed.

We overrule this point.

The claim referred to herein is Appellant's Expense Fund Certificate of Advance which presents a question in itself as to whether it qualifies as a claim. We do not pass upon this question. If it is not a claim, the answer is obvious. If it is a claim, we hold that Appellant is barred as hereinafter described.

Appellant cites us to Tex.Rev.Civ.Stat. Ann. art. 21.28, Section 3(h),[2] to the effect that where a claim is rejected in whole or in part the *Receiver* shall notify the *claimant* of such rejection by written notice. This section further requires that action upon a rejected claim must be brought in the court within three months. No action was brought by appellant on this claim until after the receivership was closed which was a year after the so-called claim had been rejected. Appellant contends that this statute required the Receiver himself, and not Mr. DeStephano his attorney, to have notified Mr. Palm himself as claimant and not his attorney of record, Mr. Haight. Thus the claim is still pending and was not acted upon.

■ We reject this argument and hold that the abovementioned section of the Code was complied with. Appellant is a business corporation, an artificial entity, and can act only through agents and attorneys. Here there is no doubt but that both attorneys were in fact and at law agents for their respective clients. It is also clear that both attorneys were acting well within their authority, particularly if we assume that Mr. Haight was within his authority when he submitted the claim. Thus, it should be beyond question that he had the corresponding authority to receive the reply. 7 Tex. Jur.2d, Attorneys at Law, sec. 38, p. 78.

As authority for his contention, appellant cites us to Phinney v. Langdeau decided by this Court, 337 S.W.2d 393, (Tex.Civ. App.1960, writ ref'd n. r. e.). *Phinney* is not in point as it involves a claim by the Federal Government for a tax deficiency through a specially designated agent, the District Director of Internal Revenue. Here this Court was faced with the well established rule that governmental agency must be strictly shown and supported by statutory authority, and that there can be no agency by estoppel or apparent authority.

■ We also hold that appellant's alleged claim was barred in that it was not presented within three months as required by Tex.Rev. Civ.Stat.Ann. art. 21.28, Section 3(h).

On February 16, 1966, the court, upon application of the Receiver, directed that he transfer all of the assets remaining in his hands to National Bankers Life Insurance Company, as reinsurer, except for funds necessary to pay the closing costs of the receivership. The receivership was then closed by court order some four months later on June 20, 1966. It is interesting to note that all of the Blue Bonnet Life Insurance Co. policyholders were paid in full and incurred no loss because of the abovementioned insolvency.

We affirm the judgment of the trial court.

Affirmed.

2. The pertinent parts of Article 21.28, Section 3(h) Action on Claims is as follows:
"The receiver shall have the discretion to approve or reject any claim filed against the insurer. * * * Upon the rejection of each claim either in whole or in part, the receiver shall notify the claimant of such rejection by written notice. Action upon a claim so rejected must be brought in the court * * * within three (3) months * * *."