**Joe HARPER, et ux, Appellant,**

v.

**AMERICAN MOTORS CORPORATION, et al., Appellee.**

**No. B14–83–677CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 17, 1984.

Robert Oberholtzer, Oberholtzer, Cox & Schafer, Houston, for appellant.

William H. Payne, Fulbright & Jaworski, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from the granting of a summary judgment dismissing the suit on the ground it was barred by limitation. Appellants' son was killed in a traffic accident of November 26, 1979. November 26, 1981, the last day of the two-year statute of limitations for wrongful death actions fell on Thanksgiving Day. Appellants filed suit when the county offices reopened on November 30, 1981. Appellees filed a motion for summary judgment based on the running of the statute of limitations. Appellants filed a response and cross-motion for partial summary judgment on the limitations issue. The trial court granted appellees' motion, denied appellants' cross-motion and dismissed the case. We reverse.

Appellants argue that TEX.REV.CIV. STAT.ANN. art. 5539d (Vernon Supp.1982–1983) controls the disposition of this case while appellees argue TEX.R.CIV.P. 4 to be controlling. We agree with appellants. Rule 4 provides:

> In computing any period of time prescribed or allowed by these rules, by

order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither Saturday, Sunday nor a legal holiday.

On the other hand Article 5539d provides: If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday or holiday, the period for filing suit is extended to the next day that the offices of the county are open for business.

The statute is clear and unambiguous. "In determining the meaning of a statute, the dominant consideration is to ascertain the intention of the Legislature. This intention is to be found in the language of the statute itself." *Jones v. Del Andersen and Associates,* 539 S.W.2d 348, 350 (Tex.1976).

The Constitution vests in the supreme court the power to establish rules of procedure "not inconsistent with the law of the state." Rule 4 was established pursuant to this power. When a rule of the court conflicts with a legislative enactment, the rule must yield. *Kirkpatrick v. Hurst,* 484 S.W.2d 587, 589 (Tex.1972); *Few v. Charter Oak Fire Insurance Company,* 463 S.W.2d 424 (Tex.1971). See also *McClung v. Johnson,* 620 S.W.2d 644, 647 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r. e.).

On our facts, since the last day of the limitations period fell on Thanksgiving, a state legal holiday, pursuant to Article 5539d the limitations period was extended "to the next day that the offices of the county are open for business." Appellant presented proper summary judgment proof in its cross-motion for partial summary judgment showing that Monday, November 30, 1981, the day the petition was filed, was the next day that the offices of Harris County were open for business. Appellants' lawsuit was timely filed and is not barred by the statute of limitations. We therefore reverse the judgment rendered and render the judgment the trial court should have rendered pursuant to Rule 434, TEX.R.CIV.P. Appellants' (plaintiffs') cross-motion for partial summary judgment is granted establishing the timeliness of the filing of the suit under the statute of limitations. This cause is remanded for trial on the remaining issues. It is so ordered.