**John WHITSON and Freeda Whitson, Appellants,**

v.

**Anthony G. HARRIS, Individually and as Receiver for First United Life Insurance Company of America, Appellee.**

**No. 07–83–0197–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 4, 1984.

Karl L. Rubinstein, Steven Alan Bennett, Freytag, Laforce, Rubinstein, Stutzman & Teofan, Dallas, for appellants.

Betty Newby, Borger, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

John Whitson and his wife, Freeda Whitson, have perfected this appeal from the trial court's venue order granting the plea of privilege of Anthony G. Harris, sued individually and as receiver for First United Life Insurance Company of America, and transferring the action filed by the Whitsons in Gray County to the district court in Travis County where the receivership is pending. The court's order being proper, we affirm.

Freeda Whitson sustained an injury for which the Whitsons claimed the benefits

provided in a group health insurance policy issued by First United Life Insurance Company of America. At the time the Whitsons filed the claim, the insurance company had been placed in receivership upon the application of the State of Texas and by order of the 250th Judicial District Court of Travis County.

By its order, the court appointed Anthony G. Harris, the statutory Liquidator for the State Board of Insurance, as the temporary receiver to take charge of the property and assets of the insurance company, investing him with all powers and authority, and particularly those contained in article 21.28 of the Texas Insurance Code,[1] appertaining to an appointed receiver. The court's order included its further order for the issuance of a temporary injunction enjoining and restraining all persons, among others specifically named, from, among other things, "commencing or prosecuting any action ... and from asserting any claims against the defendant [First United Life Insurance Company of America] or the receiver thereof [Anthony G. Harris], except in the receivership proceedings herein."

The Whitsons' claim was received by Harris. The claim was "fully denied as excluded from coverage under the policy issued by said company."

Then, the Whitsons filed the action underlying this appeal in Gray County. By their action, the Whitsons contend, in essence, that in denying their claim, Harris was responsible for certain enumerated acts and misrepresentations made actionable by the Texas Insurance Code and the Deceptive Trade Practices-Consumer Protection Act (DTPA),[2] for which he, individually and as receiver for the insurance company, was liable for the monetary recovery authorized by the DTPA.

Harris interposed his plea of privilege, which was controverted by the Whitsons. After a hearing, the court sustained the

plea and ordered the cause transferred to the 250th Judicial District Court of Travis County without stating the basis for the order.

The Whitsons predicate their appeal on two points of error. However, for the appellate decision in this appeal, it suffices, without addressing all of the Whitsons' challenges to the trial court's order, to state the reasons why the order must be upheld.

 Harris' plea of privilege, cast in the form statutorily prescribed, was prima facie proof of his right to the change of venue. *Victoria Bank & Trust Co. v. Monteith*, 138 Tex. 216, 158 S.W.2d 63, 68–69 (1941). Upon the filing of Harris' plea, the Whitsons assumed the burden of proving that, as pleaded in their controverting affidavit, venue was properly maintainable in Gray County. *Burtis v. Butler Bros.*, 148 Tex. 543, 226 S.W.2d 825, 828 (1950). By virtue of his plea, Harris was entitled to present evidence tending to contradict the Whitsons' proof or tending to defeat their asserted right to hold venue in Gray County. *Victoria Bank & Trust Co. v. Monteith, supra*, 158 S.W.2d at 69.

 In offering their proof, the Whitsons relied on the venue provision of section 17.56 of the DTPA, which section is couched in "may be commenced" language that, as they candidly concede, has been construed to be a purely permissive venue provision. *Portland Sav. & Loan Ass'n v. Bevill, Etc.*, 619 S.W.2d 241, 246 (Tex.Civ. App.—Corpus Christi 1981, no writ). Responding to the contrary, Harris directed the attention of the court, prior to the signing of the venue order, to article 21.28, section 3(h), of the Texas Insurance Code, which provides, in part, that when the receiver rejects a claim against the insurer, he shall notify the claimant of such rejection by written notice, and that:

Action upon a claim so rejected must be brought in the court in which the delin-

---

1. Tex.Ins.Code Ann. (Vernon 1981).

2. The Deceptive Trade Practices-Consumer Protection Act is a part of the Texas Business and Commerce Code, section 17.41 *et seq.* (Vernon Supp.1984).

**426**

quency proceeding is pending within three (3) months after service of notice; otherwise, the action of the receiver shall be final and not subject to review.

The "must be brought" language in the statute is a mandatory command to which a permissive statute must yield. *Langdeau v. Burke Investment Company,* 163 Tex. 526, 358 S.W.2d 553, 555–56 (1962). It follows that the trial court properly determined that the venue of the Whitsons' action is in the district court of Travis County where the receivership proceeding is pending.

■ Beyond that, the 250th Judicial District Court of Travis County had issued its injunction against the commencing or prosecution of any action against the insurance company or the receiver except in the receivership proceedings pending in that court. The injunction is authorized by article 21.28, section 4(b), of the Texas Insurance Code, by which the Legislature validly provided for the regulation of insolvent insurance companies and the enforcement thereof in a particular locality, *Langdeau v. Bouknight,* 162 Tex. 42, 344 S.W.2d 435, 441–42 (1961), and the Whitsons have not challenged the injunction in any manner in this appeal. The injunction, therefore, is entitled to honor so long as it subsists. *Accord, Floyd v. Eggleston,* 137 S.W.2d 182, 184 (Tex.Civ.App.—El Paso 1939, writ ref'd), *cert. denied,* 311 U.S. 708, 61 S.Ct. 314, 85 L.Ed. 460 (1940), *reh'g denied,* 312 U.S. 713, 61 S.Ct. 609, 85 L.Ed 1143 (1941).

Accordingly, the trial court's judgment is affirmed.