**Zahwa KHALAF, d/b/a J & L Drive–Inn, Appellant,**

v.

**James T. ODIORNE, Judicial Insurance Receiver, Appellee.**

No. 3–88–084–CV.

Court of Appeals of Texas, Austin.

March 8, 1989.

Rehearing Denied April 16, 1989.

Fred Riepen, Houston, for appellant.

Richard South, Bankston, Wright & Greenhill, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

SHANNON, Chief Justice.

Appellant Zahwa Khalaf, doing business as J & L Drive-In, seeks to set aside the Travis County district court's take-nothing summary judgment. Appellee is James T. Odiorne, ancillary receiver of Pacific American Insurance Company. We will affirm the judgment.

Appellant insured the contents of a building and two gas pumps at a location in

Harris County with Pacific American Insurance Company. On August 18, 1983, fire destroyed the insured property. Sometime after the fire-loss, the insurance company was placed in receivership.

On August 30, 1985, appellant filed her proof of claim for the fire loss with the receiver. On November 25, 1985, the receiver rejected appellant's claim. Two days later, on November 27, 1985, the receiver sent written notice of the rejection by certified mail to appellant at: "1430 Syzmore Lane, Houston, Texas 77370." Appellant had furnished the receiver "the 1430 Syzmore" address in her proof of claim. On December 17, 1985, the postal service returned the letter to the receiver undelivered, marked "no such number return to sender." Appellant filed suit in the Travis County district court on June 5, 1986.

The receiver pleaded, among other things, that appellant's assertion of her claim was barred by operation of Tex.Ins. Code art. 21.28 § 3(h) (1981). That article requires that suit be filed in district court within three months after service of notice of the rejection of a claim. Likewise, the sole ground for the receiver's motion for summary judgment was that appellant's claim was barred because she failed to file suit within three months from the time of "service of notice of the rejection" pursuant to art. 21.28 § 3(h).

In her summary judgment response, appellant asserted that she filed suit in district court within three months from the date that she had actual notice of the receiver's rejection of her claim. Appellant claims, accordingly, that she complied with art. 21.28 § 3(h), because in her view that section requires that the claimant receive actual notice of the receiver's rejection.

In support of her summary judgment response, appellant swore that she did not receive the receiver's rejection letter. In her affidavit, appellant explained that the address in the proof of claim that she furnished the receiver was erroneous. The correct address was "1430 Sycamore" instead of "1430 Syzmore." Appellant stated that the misspelling came about through her scant knowledge of the English language and that she failed to notice the error in spelling when she signed the proof of claim. Her attorney learned for the first time that the claim had been rejected when he telephoned the receiver in March 1986.

Upon hearing, the district court rendered summary judgment that appellant take nothing.

By three points of error, appellant claims that the district court erred in concluding that service of notice of rejection was effective upon its being mailed even though appellant did not receive the notice. In support of her points of error, appellant maintains that she is entitled to a liberal interpretation of "notice", "service of notice" and when notice is effective because none of those terms is defined in Tex.Ins. Code Ann. art. 21.28 § 3(h). Appellant has no points claiming that § 3(h), as construed and applied, is unconstitutional.

Article 21.28 § 3(h) provides in pertinent part that upon his rejection of a claim, the receiver "shall notify the claimant of such rejection by written notice." Suit on a rejected claim must be filed in court "within three (3) months after service of notice; otherwise, the action of the receiver shall be final and not subject to review." As is apparent, appellant accurately states that art. 21.28 § 3(h) does not define "notice", "service of notice" and when notice is effective. Such observation, however, does not end the inquiry. Rather, this Court must examine other parts of the section. *Ex parte Roloff,* 510 S.W.2d 913 (Tex. 1973). Statutory provisions are not to be isolated from the surrounding language and construed apart from their context. *Jessen Associates, Inc. v. Bullock,* 531 S.W.2d 593, 601 (Tex.1976).

Article 21.28 outlines, in general, the responsibilities of the statutory receiver in the handling of the affairs of insurance companies in receivership. Section 3 details the procedures for the receiver to follow in receiving and acting on claims filed by those who may have claims against the insurance company in receivership. Section 3(a) specifies the time for filing claims and sets out the mode for notification

of those persons who might have claims. "The receiver shall notify. all persons who may have claims against such insurer as disclosed by its books and records, to present proof of the same to him within the time as fixed. *Such notice shall be given in a manner determined by the [receivership] court."* (Emphasis supplied). Section 3(h) describes the receiver's duties respecting his action on claims. As already noted, the receiver upon rejection of the claim must provide the claimant with written notice of such decision. The claimant must file suit on the claim within three months after service of notice, else the rejection be final and not subject to review.

As here relevant, Sections 3(a) and 3(h) concern notification of potential claimants and notification of those persons whose claims have been rejected. Section 3(a) spells out the mode of notification [such notice as ordered by the receivership court]. Section 3(h) is silent with respect to the manner of notification. Nevertheless, because Sections 3(a) and 3(h) are *in pari materia,* we believe that the legislature intended that the manner of notice in each be consistent. Accordingly, the receiver's notice of rejection of claims should be "in a manner determined by the [receivership] court."

The receivership court's order appointing appellee permanent receiver of Pacific American Insurance Company is a part of appellee's summary judgment proof. That order provides in pertinent part that the receiver shall notify all persons who may have claims against the insurance company "via first class mail." The court's order continues "[t]he mailing of such letters shall be sufficient proof of notice." The receiver's notice to appellant was sufficient to meet the requirements of the court order.

Appellee's service of notice upon appellant was in accord with the order of the receivership court.

The summary judgment is affirmed.