**John WHITSON, et ux., Appellants,**

v.

**Anthony G. HARRIS, Individually and as Receiver for First United Life Insurance Company of America, Appellee.**

**No. 3–88–076–CV.**

Court of Appeals of Texas,
Austin.

June 13, 1990.

Betty Newby, Borger, for appellants.

James B. Ewbank, II, and James A. Vaught, Davis, Welch, Ewbank, Otto & Wilkerson, P.C., Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

ABOUSSIE, Justice.

Appellants John and Freeda Whitson appeal the granting of a summary judgment in favor of appellee, receiver for First United Life Insurance Company of America. We will reverse the judgment of the trial court and remand the cause for trial.

In 1980, Mrs. Whitson sustained an injury for which appellants claimed the benefits provided under a group health insurance policy issued by First United Life Insurance Company of America. Before appellants filed their claim, the insurance company had been placed in receivership. The receivership proceeding was pending in Travis County. By its order of March 30, 1981, the 250th District Court of Travis County appointed appellee, then statutory liquidator for the State Board of Insurance, as temporary receiver and temporarily enjoined all persons from commencing or prosecuting any claim against the company and/or the receiver, except in the pending receivership proceedings.

By letter dated October 12, 1982, the receiver denied appellants' claim on the ground that it was excluded from coverage under the policy. The letter informed appellants that they could appeal the rejected claim in the court in which the receivership proceeding was pending. The letter further informed appellants that they were required to bring any appeal within three months after service of the notice contained in the rejection letter.

Appellants filed the underlying action in the district court of Gray County on January 11, 1983. Appellee interposed a plea of privilege. After a hearing on April 12, 1983, the Gray County district court sustained the receiver's plea and ordered the cause transferred to the 250th District Court of Travis County. On December 4, 1984, the Seventh Court of Appeals affirmed the ruling. *Whitson v. Harris*, 682 S.W.2d 423 (Tex.App.1984, no writ).

On October 30, 1986, at appellee's request, the cause finally was transferred to Travis County. Appellee then successfully moved for summary judgment. The basis for summary judgment asserted in the motion was that appellants' claim was final and not subject to review because appellants had not brought their action in the court where the receivership proceeding was pending within three months after notice of its denial. Texas Ins.Code Ann. art. 21.28, § 3(h) (Supp.1990), the controlling statute, provides:

> The receiver shall have the discretion to approve or reject any claim filed against the insurer. Objections to any claim not rejected may be made by any party interested, by filing the objections with the receiver, who shall forthwith present them to the court for determination after notice and hearing. Upon the rejection of each claim either in whole or in part, the receiver shall notify the claimant of such rejection by written notice. *Action upon a claim so rejected must be brought in the court in which the delinquency proceeding is pending within three (3) months after service of notice; otherwise the action of the receiver shall be final and not subject to review.* (Emphasis added.)

In reviewing a motion for summary judgment, the reviewing court is to determine whether the movant has shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). We must take as true all evidence favoring the non-movant, and indulge every reasonable inference and resolve every doubt in favor of the non-movant. *Id.* at 549.

Appellants responded to the motion by asserting that "the statute of limitations has been tolled ...; the case was filed within the three month period; the documentation offered by [appellee] ... as to when [appellants'] attorney received the rejection letter is not true or correct regarding its authenticity." On appeal, appel-

lants further complain that there is a material issue concerning when they discovered the "irregularities" in the notice to them that the receiver rejected the claim. They also attempt to discuss a claim they allegedly filed in 1988 after the hearing on the motion for summary judgment. Neither of these arguments was asserted in the trial court and cannot be raised for the first time on appeal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676–77 (Tex.1979).

The proof shows that appellee, through his attorney, sent a letter to appellants' attorney, with a copy to appellant Freeda Whitson, by certified mail on October 12, 1982. Appellants do not suggest that the notice to them was required to be sent by certified mail. Appellants do not deny that appellee sent them notice of the rejection by certified mail nor do they deny that they received written notice. Rather, appellants seek to challenge the authenticity of appellee's proof that they received notice. Appellants suggest that the signature on the postal return receipt card showing receipt of the rejection notice, purportedly that of their attorney, may have been "forged." Appellants allude further to other alleged deficiencies in the postal card receipt. They also complain that the receiver did not directly send the notice.

■ The summary judgment record conclusively establishes that appellee gave appellants written notice of rejection of their claim. Appellants' original petition was filed January 11, 1983; it admits receipt of notice in October 1982. Their first amended original petition, filed March 2, 1983, alleges that appellee finally denied their claim on October 13, 1982. At the plea of privilege hearing on April 12, 1983, appellants' attorney entered into evidence the October 12th denial letter in question and the witness read it into the record. We have no doubt that appellee served appellants with written notice of his rejection of their claim by the hearing date. Unless the receivership court orders a different manner of notice, service of written notice by first class mail satisfies the statutory notice requirement of section 3(h). Proof of receipt of that notice is not required. *See Khalaf v. Odiorne*, 767 S.W.2d 856, 858 (Tex.App.1989, writ denied). Further, notice written from the receiver's attorney satisfies the statute. *Great American Investment Co. v. McFarling*, 416 S.W.2d 479, 481 (Tex.Civ.App.1967, writ ref'd n.r.e.).

After appellee served written notice of rejection of appellants' claim, appellants had three months to file an action on their rejected claim in the court where the delinquency proceeding was pending, but the cause was not filed there until October 30, 1986. Appellants complain generally that the trial court erred by granting appellee's motion for summary judgment because their filing in Gray County excused their failure to file timely in the proper court.

■ Appellee does not dispute that appellants' petition was timely filed. He argues only that the petition was not timely filed in a court possessing jurisdiction. The issue is whether the Gray County district court had the power to transfer the cause to the receivership court. If the mandatory requirement that a claimant must file the action in the court where the delinquency proceeding is pending is a jurisdictional prerequisite, then the Gray County court lacked the power to transfer the cause; when a jurisdictional statute governs a cause, any trial court order that purports to transfer venue is void. *Cleveland v. Ward*, 285 S.W. 1063, 1071 (Tex. 1926). The transferee court has no power to hear the case. *Gambill v. Town of Ponder*, 494 S.W.2d 808, 810 (Tex.1973).

■ Appellee has altered his position during the pendency of this action. In the Gray County proceedings, appellee requested that the cause be transferred on the basis that the exclusive venue for the suit was in Travis County. The trial court granted his plea of privilege. On appeal, the Seventh Court of Appeals affirmed the trial court's order and held that section 3(h) was a mandatory venue statute that required that the cause be transferred to the district court in Travis County where the receivership was pending. *Whitson*, 682

S.W.2d at 426. Appellee now denies that section 3(h) is a venue statute.

Once transferred, appellee filed amended pleadings alleging that appellants' suit was barred by the affirmative defense of limitations because section 3(h) required appellants to file their action on the rejected claim in the receivership court within three months after the claim was rejected. He requested that the court render a take-nothing judgment on the basis that the action was not filed in the proper court until more than three months after the claim was denied and, thus, limitations had run and the receiver's decision was final. Appellee moved for summary judgment solely on the affirmative defense of limitations provided under section 3(h), and judgment could only have been granted on the ground specifically set out in the motion. *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 436–37 (Tex.App.1987, writ ref'd n.r.e.); Tex.R.Civ.P.Ann. 166a (1976 & Supp.1990). Appellee did not request dismissal of the action for lack of jurisdiction, and does not request dismissal on appeal. Instead, he continues to request that a take-nothing judgment be rendered. Nevertheless, he now argues for the first time that section 3(h) is not a statute of limitations, but is a jurisdictional statute that prevents appellants from pursuing their claim at all. Appellee claims that, because appellants filed their action in the wrong court, the proper court (i.e., the Travis County receivership court) could not obtain jurisdiction by transfer of venue. Appellee concedes that no authority supports his position that the three-month provision is a jurisdictional prerequisite to filing suit.

Article 21.28 contains several provisions that set forth venue for both delinquency and other ancillary proceedings. Section 2(i) provides that the exclusive venue of delinquency proceedings shall be in Travis County. Section 4(h) provides that the exclusive venue for all proceedings instituted by or against the receiver after commencement of delinquency proceedings shall be in the receivership court. *See also Langdeau v. Burke Investment Co.*, 163 Tex. 526, 358 S.W.2d 553 (1962) (earlier statute providing that delinquency court shall have venue of actions held to be permissive venue.)

Section 3(h) relates to actions on claims that the receiver has considered and rejected. It provides that these actions must be brought within three months after service of notice of a claim's rejection or else the receiver's decision is final and not subject to review. Appellants' action was filed within three months after appellee rejected their claim. However, the statute also requires that the action be brought in the court where the delinquency proceeding is pending. Because an action on a rejected claim is a new action instituted after the commencement of delinquency proceedings, the requirement that the action be brought in the court where the delinquency proceeding is pending is consistent with the venue provisions of section 4(h). We agree with the Seventh Court of Appeals' holding in *Whitson* that section 3(h) sets out the mandatory and exclusive venue of actions on rejected claims. Of course, the initial determination of questions of law governs a case throughout any subsequent proceedings. *Trevino v. Turcotte*, 564 S.W.2d 682, 685 (Tex.1978).

If suit is brought in a court in which venue is not proper, the cause may be transferred to the proper court. Tex.Civ. Prac. & Rem.Code Ann. § 15.063 (1986). Once the plea of privilege was sustained, the cause stood as though it had been originally filed in Travis County. *Sherrill v. Sherrill*, 359 S.W.2d 330, 332 (Tex.Civ. App.1962, writ dism'd); *Standard Sav. & Loan Ass'n v. Miller*, 114 S.W.2d 1201, 1209 (Tex.Civ.App.1938, no writ).

Appellee moved for summary judgment on the basis of what he termed his affirmative defense of limitations. He requested and obtained from the court a take-nothing judgment. The record establishes, and appellee does not dispute, that appellants pleaded that the cause was timely filed and had been pending continuously since its filing, and that they responded to appellee's motion on the same basis.

■ A defendant who moves for summary judgment on the basis of an affirmative defense, such as limitations, has the burden

of proving that the action is barred as a matter of law and also of negating any matter interposed by the non-movant that would suspend or toll the statute. *Woods v. Mercer,* 769 S.W.2d 515, 518 n. 2 (Tex. 1989); *Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977); *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). In response to appellee's motion, appellants pleaded that the statute had been tolled because they filed their action within three months. If the statute had indeed been tolled, appellee's defense of limitations would fail.

■ The running of the statute of limitations is tolled when a plaintiff timely files a petition in a court possessing subject-matter jurisdiction, even if venue is not proper in that court. *Brown v. Owens,* 674 S.W.2d 748, 751 (Tex.1984). The Gray County district court possessed jurisdiction to hear the cause. Although the exclusive venue lay in Travis County, appellants' filing in Gray County tolled any statute of limitations. Thus, appellee failed to show that he was entitled to summary judgment on the specific ground set out in the motion.

The judgment of the trial court is reversed and the cause remanded for trial on the merits.