**Jimmy George HUGHES and Linda Hughes, as Next Friends of James M. Hughes, Appellants,**

**v.**

**Sandra A. AUTRY, Successor to Eugene A. Brodhead, Receiver for National County Mutual Fire Insurance Company, Appellee.**

**No. 3–93–018–CV.**

Court of Appeals of Texas, Austin.

April 13, 1994.

---

7. The receiver cites *Harper v. American Motors Corp.,* 672 S.W.2d 44 (Tex.App.—Houston [14th Dist.] 1984, no writ), for the proposition that Rule 4 does not apply in computing the limitations period. In *Harper,* Rule 4 and a statutory limitations provision provided conflicting methods for computing the last day of a limitations period when the last day fell on a Saturday, Sunday, or legal holiday. In that situation, the court said that when a rule of court conflicts with a legislative enactment, the rule must yield. *Harper,* 672 S.W.2d at 45. We distinguish *Harper* from the case at hand because Rule 4 does not conflict with section 3(h), which is silent regarding computation of time.

John B. Runge, Parkhill, Parkhill, Cowden
& Runge, P.C., Grand Prairie, for appellants.

John A. Crane, Butler, Todd & Crane, Austin, for appellee.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

PER CURIAM.

Appellants Jimmy George Hughes and Linda Hughes, as next friends of James M. Hughes, appeal from the trial court's summary judgment granted in favor of Sandra A. Autry, successor to Eugene A. Brodhead, receiver for National County Mutual Fire Insurance Company. We will reverse the trial court's judgment.

## I. BACKGROUND

James Matthew Hughes suffered severe injuries when the vehicle in which he was riding was involved in a head-on collision with a vehicle driven by Julie Collette Holveck. The Holveck vehicle was insured by National County Mutual Fire Insurance Company (National).[1] In May 1989, National was placed in receivership and Stephen S. Durish was appointed as receiver for National.[2] *See* Tex.Ins.Code Ann. art. 21.28, § 2 (West Supp.1994).[3] The Hughes timely filed a proof of claim with the receiver in the amount of $8,000 against the assets of the receivership estate. *See* § 3(a). On November 13, 1990, the Hughes received notice that the receiver had rejected their claim in part. *See* § 3(h). On February 14, 1991, the

Hughes filed suit for damages, alleging the receiver negligently evaluated their claim and failed and refused to pay the claim in good faith. The receiver answered and subsequently filed a motion for summary judgment. The Hughes did not file a response. On October 13, 1992, the trial court heard the motion. The Hughes did not appear at the hearing. The trial court granted summary judgment in favor of the receiver. The Hughes filed motions for new trial on November 12 and November 16, 1992. The trial court, in a written order, denied the Hughes' motions for new trial. By two points of error, the Hughes appeal from the summary judgment.[4]

## II. DISCUSSION

In their first point of error, the Hughes assert that the trial court erred in granting summary judgment because a genuine issue of material fact existed as to whether they timely filed their petition against the receiver. The standard for reviewing a summary judgment is well established. The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue precluding summary judgment exists, evidence favorable to the nonmovant will be taken as true. This Court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Nixon v.*

---

1. These facts are drawn from appellant's brief. Tex.R.App.P. 74(f) (any statement by appellant in original brief as to facts or record may be accepted by court as correct unless challenged by opposing party).

2. Eugene A. Brodhead succeeded Durish as receiver, and Autry succeeded Brodhead as receiver.

3. All subsequent references to article 21.28 of the Texas Insurance Code are to the applicable section and subsection of the article only.

4. The Hughes named as defendants in their original petition National, Durish, and Richard Holveck. On November 24, 1993, we ordered this appeal abated as premature, because the order

appealed from did not dispose of National or Holveck and did not contain a "Mother Hubbard" clause. *See Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex.1993) (if summary-judgment order appears to be final, as evidenced by inclusion of language purporting to dispose of all claims or parties, judgment should be treated as final for purposes of appeal); *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966); *Tingley v. Northwestern Nat'l Co.*, 712 S.W.2d 649, 650 (Tex.App.—Austin 1986, no writ) (final judgment must dispose of all issues and parties in case). The Hughes subsequently filed with this Court a supplemental transcript containing their nonsuit of National and Holveck. Accordingly, the portion of our November 24, 1993, order abating the appeal terminated.

*Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ The Hughes did not file a response to the motion for summary judgment. Thus, the only contention they may raise on appeal is that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

The receiver's motion for summary judgment is based on the sole ground that the Hughes' claim was barred by limitations under Texas Insurance Code article 21.28, section (3)(h). The receiver had to prove all essential elements of her affirmative defense as a matter of law. *See id.* Thus, the receiver's summary-judgment proof had to establish as a matter of law that the Hughes did not timely file their petition.

Section 3(h) provides, in pertinent part:

Upon the rejection of each claim either in whole or in part, the receiver shall notify the claimant of such rejection by written notice. Action upon a claim so rejected must be brought in the court in which the delinquency proceeding is pending within three (3) months after service of notice; otherwise, the action of the receiver shall be final and not subject to review.

Whether the Hughes timely filed their petition turns on whether service of notice was complete when mailed or when the Hughes received the notice. Section 3(h) does not define "service of notice" or when notice is effective. ⋅ *Id.; see also Khalaf v. Odiorne,* 767 S.W.2d 856, 857 (Tex.App.—Austin 1989, writ denied).

The receiver argues service of notice was completed and the limitations period began to run when the rejection notice was mailed, citing *Whitson v. Harris,* 792 S.W.2d 206, 208 (Tex.App.—Austin 1990, writ denied) (notice requirements of section 3(h) are satisfied by mailing notice via first-class mail without proof of receipt unless receivership court orders otherwise). In *Whitson,* however, we did not hold that the limitations period of section 3(h) begins to run when the rejection notice is mailed. Moreover, for the reasons set forth below, we conclude that under the facts of this case, the limitations period should not be calculated from the date the rejection notice was mailed.

This Court has twice discussed methods of service of notice under section 3(h). In *Khalaf,* we said that the receiver's notice of rejection of claims should be in a manner determined by the receivership court. *See Khalaf,* 767 S.W.2d at 858 (receivership-court order specified that mailing via first-class mail was sufficient proof of notice). *Khalaf* does not help here, however, because the receivership-court did not specify the manner of service of notice. In *Whitson,* this Court said that unless the receivership court orders a different manner of notice, service of notice by first-class mail satisfies the statutory notice requirement of section 3(h); *proof of receipt* of that notice is not required.[5] *Whitson,* 792 S.W.2d at 208 (emphasis added). This conclusion governing the fact of notice does not preclude a party from presenting proof of when the notice is actually received for the purpose of establishing the limitations period.[6]

■ We hold that if a party can prove the date notice was actually received, service of

5. The Hughes argue the receiver did not carry her burden of proof to show that the receivership court did not order a different manner of service by offering summary-judgment proof that "there were no other *Orders* presented by the Court which required any other method of service on the Plaintiffs." The receiver's summary-judgment proof includes the receivership court's final order, which does not specify the manner of service of notice. If other orders exist requiring a method of service, it was the Hughes' burden to present proof creating a fact issue. The mov-

ant need not negate all possible issues of law or fact that could be raised by the nonmovant in the trial court but were not. *Clear Creek,* 589 S.W.2d at 678–79.

6. Texas Rule of Civil Procedure 21a, which provides that service by mail is complete on deposit in a post office or official depository under the care and custody of the United States Postal Service, also provides that a party is not precluded from offering proof that notice was not received within three days from the date of deposit

**894**

notice is complete when received and limitations begins to run on that date. In summary, unless the receivership court orders a different manner of service, service of notice by first-class mail satisfies the statutory notice requirement of section 3(h) and proof of receipt of that notice is not required; but if a party can prove the date notice was actually received, service of notice is complete when received and limitations begins to run on that date.

■ The receiver's summary-judgment proof shows that the receiver's rejection notice was sent certified mail, return receipt requested, and establishes as a matter of law that the Hughes received notice on November 13, 1990, informing them that their claim had been rejected in part. Accordingly, the limitations period of section 3(h) began to run when the rejection notice was received. We must now determine whether the Hughes filed their original petition within three months of receipt of the receiver's rejection notice.

■ Section 3(h) provides that an action on a claim rejected by the receiver must be brought in the court in which the delinquency proceeding is pending. The delinquency proceeding against National was brought in a Travis County district court. Thus, the Texas Rules of Civil Procedure govern the filing of the Hughes' action on their rejected claim. *See* Tex.R.Civ.P. 2. Accordingly, Texas Rule of Civil Procedure 4 applies in computing the limitations period for the filing of the Hughes' claim.[7]

■ Rule 4 provides, in pertinent part, "In computing any period of time prescribed or

and that on so finding the court may extend the time for taking the action required of such party. Rule 21a does not apply here, however, because the mailing of the rejection notice is not a procedure in the justice, county, or district court. Tex.R.Civ.P. 2. (rules govern procedure in justice, county, or district courts of State of Texas in all actions of civil nature).

7. The receiver cites *Harper v. American Motors Corp.*, 672 S.W.2d 44 (Tex.App.—Houston [14th Dist.] 1984, no writ), for the proposition that Rule 4 does not apply in computing the limita-

allowed by these rules, by order of court, *or by any applicable statute,* the day of the act, event, or default after which the designated period of time begins to run is not to be included." Tex.R.Civ.P. 4. The Hughes received the receiver's rejection notice on November 13, 1990. Under Rule 4, the three-month limitations period ran from the day after the Hughes received notice, November 14. Thus, the Hughes had until February 14, 1991, to file suit. *See* Tex.Govt.Code Ann. § 312.011(7) (West 1988) ("month" means a calendar month).

The Hughes original petition was filed on February 14, 1991, within three months after they received the rejection notice. Thus, the receiver has not shown as a matter of law that the Hughes failed to file their petition timely. Accordingly, the receiver has not shown that she is entitled to summary judgment as a matter of law based on the ground that limitations had run under section 3(h). We sustain point of error one. Because of our disposition of the Hughes' first point of error, we need not address their second point of error.

### III. CONCLUSION

The trial court's judgment is reversed and the cause is remanded to the trial court.

tions period. In *Harper*, Rule 4 and a statutory limitations provision provided conflicting methods for computing the last day of a limitations period when the last day fell on a Saturday, Sunday, or legal holiday. In that situation, the court said that when a rule of court conflicts with a legislative enactment, the rule must yield. *Harper*, 672 S.W.2d at 45. We distinguish *Harper* from the case at hand because Rule 4 does not conflict with section 3(h), which is silent regarding computation of time.