COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-399-CV

 

 

ESMAT SALAHAT AND                                                      APPELLANTS

MAY
LYNN SALAHAT

 

                                                   V.

 

MICHAEL LYNN KINCAID                                                         APPELLEE

 

                                              ------------

 

           FROM
COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I. Introduction

This is an appeal from a
take-nothing summary judgment rendered against appellants Esmat and May Lynn
Salahat in their personal injury suit against appellee Michael Lynn
Kincaid.  In their sole issue, appellants
contend that the trial court erred by granting appellee=s summary judgment motion because a genuine issue of material fact
exists concerning whether appellants= claim was time barred by the applicable statute of limitations.  We affirm. 









II. Background Facts

On February 25, 2002,
appellants and appellee were involved in an automobile collision.  Appellants filed suit on February 26, 2004,
asserting claims of negligence and negligence per se in connection with the
collision.  On July 27, 2005, appellee
filed a motion for summary judgment alleging the affirmative defense of statute
of limitations.  The trial court granted
appellee=s motion and signed a take-nothing summary judgment in favor of
appellee, which appellants appeal.

III. Standard of Review   

In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.








When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant=s cause of action or defense as a matter of law.  Clear Creek Basin, 589 S.W.2d at
678.  A defendant is entitled to summary
judgment on an affirmative defense if the defendant conclusively proves all the
elements of the affirmative defense.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  To accomplish this, the defendant-movant must
present summary judgment evidence that establishes each element of the
affirmative defense as a matter of law.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).  Questions of law are appropriate matters for
summary judgment.  Rhone-Poulenc,
997 S.W.2d at 222; Westchester Fire Ins. Co. v. Admiral Ins. Co., 152
S.W.3d 172, 178 (Tex. App.CFort Worth 2004, pet. filed) (op. on reh=g).

IV. Analysis








In their sole issue,
appellants contend that the trial court erred by determining that the
limitations period expired on February 25, 2004 rather than February 26, 2004
and by granting summary judgment based on that determination.  The civil practice and remedies code requires
a person to Abring suit
for . . . personal injury . . . not later than two years after the day the
cause of action accrues.@  Tex.
Civ. Prac. & Rem. Code Ann. '16.003(a) (Vernon Supp. 2005). 
Here, appellants do not dispute that their cause of action accrued on
February 25, 2002; rather, they dispute the trial court=s method of calculating the two-year period under section 16.003(a).  








Under the Code Construction
Act, a year is defined as twelve consecutive months.  Tex.
Gov't Code Ann. ' 311.005(12)
(Vernon 2005); see also Tex. Civ.
Prac. & Rem. Code Ann. ' 1.002 (Vernon 2002) (providing that Code Construction Act applies to
civil practice and remedies code).  To
calculate a period of months under a statute, Afrom a particular day, the period ends on the same numerical day in
the concluding month as the day of the month from which the computation is
begun.@  Tex. Gov't Code Ann. ' 311.014(c).  Thus, in
accordance with the above, two years, or twenty-four months, from February 25,
2002 is February 25, 2004.  This method
of calculating limitations comports with the method used by a majority of
courts addressing this issue.  See,
e.g., Medina v. Lopez-Roman, 49 S.W.3d 393, 397-99 (Tex. App.CAustin 2000, pet. denied); Fisher v. Westmont  Hospitality, 935 S.W.2d 222, 225-26 (Tex.
App.CHouston [14th Dist.] 1996, no writ); Pitcock v. Johns, 326
S.W.2d 563, 565 (Tex. Civ. App.CAustin 1959, writ ref=d);[1]
Segura v. Home Depot USA, Inc., No. 04-99-00876-CV, 2001 WL 387995, at
*5 (Tex. App.CSan Antonio
Apr. 18, 2001, no pet.) (not designated for publication).[2]








Appellants contend that Texas
Rule of Civil Procedure 4 operates to extend the limitations period one day
beyond the second anniversary of the date the cause of action accrued.  Rule 4 provides that A[i]n computing any period of time prescribed or allowed by . . . any
applicable statute, the day of the act, event, or default after which the
designated period of time begins to run is not to be included.@  Tex. R. Civ. P. 4.  In
support of their argument, appellants cite Hughes v. Autry, 874 S.W.2d
887 (Tex. App.CAustin 1994,
no writ). Appellants argue that we should apply rule 4 in the same way as the Hughes
court, which would result in a reversal of the trial court=s judgment.  See id. at
890.

In that case, Hughes suffered
severe personal injuries in an automobile accident.  See id. at 888.  He timely filed an insurance claim, but on
November 13, 1990, he received notice that his claim had been partially
rejected.  See id.  On February 14, 1991, Hughes filed suit
against the insurance company=s receiver, alleging negligent evaluation of his claim and failure to
act in good faith in refusing the claim.  See id. 
The trial court granted a take-nothing summary judgment against
Hughes on the ground that Hughes=s claim was time-barred pursuant to former article 21.28, section 3(h)
of the Texas Insurance Code.  See id.   








Former article 21.28, section
3(h) provided that A[a]ction upon
a [rejected insurance] claim . . . must be brought . . . within three (3)
months after service of notice.@[3]  To compute the three-month
period in Hughes, the court applied rule 4 to its construction of the
limitations period.  See id. at
890.  It held that November 13,
1990, the date of Hughes=s notice,
constituted the Aday of the
act@ for rule 4 purposes, and as such, the statute of limitations did not
begin to run until November 14.  See
id.  Because Hughes filed suit on
February 14, 1991, the court held that he did so within the time frame
prescribed by former article 21.28, section 3(h).  See id.

The method of calculating
limitations in Hughes is contrary to the method used by the majority of
Texas courts, including the supreme court. 
See supra pages 4-5 & note 2.  Moreover, although the Austin Court of
Appeals has never expressly overruled Hughes, it rejected its method of
calculating limitations in a more recent case. 
See Medina, 49 S.W.3d at 398-99. 
And Pitcock, which has the precedential value of a supreme court
case, has never been overruled.  326
S.W.2d at 565.  Appellants would have us
apply rule 4 to allow them one day beyond the statutory limitations period to
file their claim.  This result is clearly
contrary to the language in section 16.003. 
See Segura, 2001 WL 387995, at *5 (holding same and also
explaining that method of computing a number of months from a particular day as
set forth in section 311.014(c) already incorporates rule 4>s requirement that the first day of a period is not counted but the
last one is).  We hold that the trial
court did not err by determining that the limitations period expired on
February 25, 2004.








Appellants also contend that
because there is a Asplit of
authority@ among the
courts on this issue, a fact issue exists precluding summary judgment.  As we have explained above, there is no split
of authority on this issue; Hughes appears to be an anomaly.  Furthermore, there are no facts in dispute;
the only issue is whether to apply rule 4 in calculating the expiration date of
the limitations period.  Resolution of
this issue by summary judgment is proper. 
See, e.g., Fisher, 935 S.W.2d at 226.

We hold that the trial court
did not err by granting summary judgment in favor of appellee.  Thus, we overrule appellants= sole issue.

V. Conclusion

Having overruled appellants= sole issue, we affirm the trial court=s judgment.     

    

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, HOLMAN, and MCCOY, JJ.

 

MCCOY,
J. filed a concurring opinion

 

DELIVERED:
May 25, 2006











 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-399-CV

 

 

ESMAT SALAHAT AND                                                      APPELLANTS

MAY
LYNN SALAHAT

 

                                                   V.

 

MICHAEL LYNN KINCAID                                                         APPELLEE

 

                                              ------------

 

           FROM
COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

 

                                              ------------

 

                                  CONCURRING
OPINION

 

                                              ------------








I concur with the opinion of
the majority and write separately only to set forth examples that attempt to
harmonize Texas Rule of Civil Procedure 4 and section 311.014 of the Code
Construction Act.  Tex. R. Civ. P. 4; Tex. Gov=t Code Ann. ' 311.014 (Vernon 2005).  Suppose
written discovery is received on December 31, which has a thirty-day response
time.  Under rule 4, December 31 is Aday 0,@ January 1
is Aday 1,@ and the
response is due on the thirtieth day, January 30.[4]  In contrast, if discovery is received on
December 31 and must be completed within one month, December 31 is Aday 0,@ January 1
is Aday 1,@ and the
party has until January 31 to act; thus, the party has the entire month of
January C January 1 through 31 C to act.  Had the one-month
triggering event occurred on January 1, then January 1 would be Aday 0,@ January 2
would be Aday 1,@ and the party would have until February 1 to act.  Again, if there is a three-month period in
which to act, and December 31 is Aday 0,@ then
January 1 is Aday 1,@ and the party has the entire month of January, the entire month of
February, and the entire month of March, or until March 31, to act.  The same is true if the period of time is one
year or a multiple of one year; December 31 is Aday 0,@ January 1
is Aday 1,@ and the
final day to act is the last day of December, or the following December
31.  








Turning to our friend, Black=s Law Dictionary, Acomputation@ is cleverly
defined as A[t]he act of
computing.@  Black=s Law Dictionary 261 (5th ed. 1979).  I believe that Acomputing@ begins the
day the event occurs prompting the computation, which according to rule 4, is Aday 0.@  This affords a common sense understanding of
the rule, the statute, and case law.  The
Hughes case, generously referred to as an Aanomaly@ by the
majority, is erroneous in providing an extra day in which to act and would
have, in our first example, not necessitated a one-month response until
February 1.  Hughes v. Autry, 874
S.W.2d 887 (Tex. App.CAustin 1994,
no writ).  Thus, it would have allowed
the responding party the entire month of January plus the first day of FebruaryCclearly more than one month.  

In this case, under the
two-year statute of limitations, Aday 0@ for the
Salahats was February 25, 2002; Aday 1@ was
February 26, 2002; and the final day to act was two years later on February 25,
2002, which resulted in a full twenty-four months in which to act.  Any other construction would have afforded
two years and one day to act, contrary to the applicable statute of
limitations.  For these reasons, I
respectfully concur in the result.

 

 

 

BOB MCCOY

JUSTICE

 

DELIVERED:
May 25, 2006











[1]We
note that by disposing of Pitcock with the designation Awrit
refused,@ the
supreme court adopted the court of civil appeals=s
judgment and reasoning as its own.  See
Hubenak v. San Jacinto Gas Transmission Co., 141 S.W.3d 172, 193 (Tex.
2004) (Jefferson, J., concurring).





[2]See
also Kirkpatrick v. Hurst, 484 S.W.2d 587, 588-89 (Tex. 1972)
(calculating limitations period according to same method from date plaintiff
reaches age of majority); James v. Gruma Corp., 129 S.W.3d 755, 758
(Tex. App.CFort
Worth 2004, pet. denied) (noting, without addressing method of calculation,
that limitations on claim that accrued May 18, 1999 would presumably run on or
about May 18, 2001); Cortinas v. Wilson, 851 S.W.2d 324, 326 (Tex. App.CDallas
1993, no writ) (calculating limitations by same method but without addressing
issue).





[3]Act
of June 1, 1987, 70th Leg., R.S., ch. 1073, ' 33, sec. 3, 1987 Tex. Gen.
Laws 3610, 3647, repealed by Act of May 30, 2005, 79th Leg., R.S., ch.
995, ' 9,
1987 Tex. Gen. Laws 3307, 3362. 





[4]All
of these examples assume, as in this case, that the final day to act is not a
Saturday, Sunday, or holiday.