Stephen S. DURISH, Ancillary Receiver of Mission Insurance Company, Appellant,

v.

Jerry C. NEWBERRY, Appellee.

No. B14–89–01079–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 8, 1990.

Rehearing Denied Dec. 6, 1990.

Robert A. Dollars, Robert D. Stokes, Austin, for appellant.

Dennis G. Herlong, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a jury verdict in a workers' compensation case awarding appellee damages for a period of total incapacity and for a period of partial incapacity. Appellant brings two points of error arguing that the trial court erred in denying his motion to transfer venue to Travis County and that no evidence was presented establishing appellee's average weekly wage rate. We reverse and remand.

In his first point of error, appellant argues that the trial court erred in refusing to transfer the case to Travis County pursuant to a mandatory venue provision of the Insurance Code. Under the Insurance Code, venue in receivership proceedings is governed by the following statute:

New Lawsuits. The court of competent jurisdiction of the county in which the delinquency proceedings are pending under this Article *shall have exclusive venue* to hear and determine all actions or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver.

TEX.INS.CODE ANN. art. 21.28, § 4(h) (Vernon Supp.1990) (emphasis added).

On October 30, 1987, the 261st District Court of Travis County placed Mission Insurance Company, the carrier, in permanent ancillary receivership and issued a permanent injunction enjoining any person from asserting any claims against Mission or its receiver except in the Travis County receivership proceedings. On May 19, 1988, appellee filed suit in the 152nd District Court of Harris County to appeal the Industrial Accident Board's award in his favor. Appellant filed a motion to transfer venue to Travis County in accordance with this exclusive venue statute for insurance companies in receivership. In opposition, appellee asserted venue in Harris County was mandatory under the workers compensation statute because that is where he resided and where the accident occurred. TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (Vernon Supp.1990). Appellee also contends that other statutes support his position for venue in Harris County. *See* TEX.INS.CODE ANN. art. 21.28–A, § 8 (Vernon 1981) *and* TEX.CIV.PRAC. & REM.CODE ANN. § 64.052(b) (Vernon 1986). The trial court denied Appellant's motion to transfer venue and proceeded to trial in Harris County.

After considering the statutes involved, we conclude that the trial court erred in denying appellant's motion and opting for venue in Harris County. While both statutes contain language of mandatory effect, the receivership venue section contained in the insurance code was amended subsequent to the workers' compensation venue provision and its language is specific that *exclusive* venue for insurance companies in receivership lies in Travis County. The language contained in section 4(h)—"shall have exclusive venue"—could not be clearer in expressing the Legislature's intent. Other cases examining this issue outside of the workers' compensation area are analogously supportive of this conclusion. *Whitson v. Harris,* 792 S.W.2d 206, 209 (Tex.App.—Austin 1990, no writ). *See also Langdeau v. Burke Investment Co.,* 163 Tex. 526, 358 S.W.2d 553 (1962) (holding that predecessor statute to section 4(h) provides for permissive venue). Such a statutory scheme as to venue is entirely within

the province of the legislature. *See Langdeau v. Bouknight*, 162 Tex. 42, 51–52, 344 S.W.2d 435, 441–42 (1961).

While we acknowledge workers' compensation is a unique area of insurance law, we cannot accept that its venue provision supersedes such a clear expression of legislative intent with regard to insurance companies in receivership. As further evidence of that intent, the Legislature has provided in a later section of the Insurance Code that its provisions control in the event of a conflict between the Code and the provisions of any other statute. TEX.INS.CODE ANN. art. 21.28, § 16 (Vernon 1981).

We further note that the 261st District Court of Travis County, in connection with Mission's receivership, issued a permanent injunction enjoining any further claims against Mission Insurance or its receiver except in the proceedings before it as authorized by TEX.INS.CODE ANN. art. 21.28, § 4(b) (Vernon Supp.1990). Under the record before us, it does not appear that appellee challenged this injunction in any manner. Therefore, the injunction is entitled to be honored so long as it subsists. *Whitson v. Harris*, 682 S.W.2d 423, 426 (Tex.App.—Amarillo 1984, no writ).

We sustain appellant's first point of error and find that the trial court erred in denying appellant's motion to transfer venue to the Travis County District Court where the receivership proceedings were pending. In view of our holding in this regard, we do not address appellant's second point of error.

The judgment is reversed and the cause remanded to the trial court with orders to transfer it to the 261st District Court of Travis County.