# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00713-CV

## In re D. J. M.

## ORIGINAL PROCEEDING FROM FAYETTE COUNTY

## M E M O R A N D U M   O P I N I O N

In this original proceeding, relator D.J.M. asks this Court to compel the trial court to vacate its order transferring the underlying juvenile proceedings against him from Fayette County to Victoria County. We conditionally grant the petition.

The Fayette County Attorney's Office filed a petition alleging that D.J.M. engaged in delinquent conduct in Fayette County. *See* Tex. Fam. Code § 51.03. Attached to the petition was the affidavit of an investigator with the Fayette County Sheriff's Office. In his affidavit, the investigator recited facts that, according to the investigator, demonstrate that there was reason to believe that D.J.M. had recently committed murder in Fayette County.

Following an informal psychological evaluation of D.J.M., the State and the Defendant filed an agreed motion for a finding of probable cause of unfitness to proceed. *See id*. § 55.31 (unfitness to proceed determination; examination). The trial court granted the agreed motion and ordered a psychological examination for the purpose of obtaining an expert opinion as to whether D.J.M. was unfit to proceed as a result of mental illness or mental retardation. *See id*.

§ 55.32 (hearing on issue of fitness to proceed). According to D.J.M., two psychiatrists subsequently examined him and determined that he was mentally ill and unfit to proceed.

Before a hearing on D.J.M.'s fitness to proceed could be held, the County filed a one-sentence motion to transfer venue. The County moved to transfer the case to Victoria County without alleging any supporting facts, asserting only that Victoria County was "a place of mandatory venue." Following a non-evidentiary hearing on the motion, the trial court granted the County's motion and ordered the case transferred to Victoria County, finding that "the Victoria County Court at Law has consented to such transfer pursuant to section 51.06 of the Texas Family Code." This mandamus proceeding followed, and the Court granted D.J.M.'s request for temporary relief, suspending the effect of the trial court's order.

### STANDARD OF REVIEW

The juvenile proceedings underlying this mandamus are governed by the Juvenile Justice Code, Title 3 of the Texas Family Code. *See id*. §§ 51.01-61.107. Although quasi-criminal in nature, juvenile proceedings are considered civil cases and are generally governed by the Texas Rules of Civil Procedure. *See id*. § 51.17 (subject to certain exceptions, or when in conflict with provisions of Juvenile Justice Code, Texas Rules of Civil Procedure govern proceedings under Code); *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (noting that juvenile proceedings are civil cases "although [they are] quasi-criminal in nature"). Accordingly, the rules of civil procedure regarding venue govern this dispute. *See* Tex. R. Civ. P. 86-87.

Mandamus relief is available to enforce mandatory venue provisions in civil cases. Tex. Civ. Prac. & Rem. Code §§ 15.0642, .016; *Campos v. Texas Prop. & Cas. Ins. Guar. Ass'n*, 282 S.W.3d 226, 232 (Tex. App.—Austin 2009, no pet.). Ordinarily, a party seeking mandamus relief must establish that (1) the trial court abused its discretion and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-136 (Tex. 2004) (orig. proceeding). However, a party seeking to enforce a mandatory venue provision by mandamus is not required to prove that it lacks an adequate appellate remedy. *In re Lopez*, 372 S.W.3d 174, 176-77 (Tex. 2012) (orig. proceeding). Thus, we review a trial court's decision involving mandatory venue under an abuse-of-discretion standard. *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212, 215 (Tex. 1999) (orig. proceeding).

**ANALYSIS**

Venue concerns the propriety of prosecuting a suit involving a given subject matter and specific parties in a particular county. *See Kshatrya v. Texas Workforce Comm'n & Riddle Techs.*, 97 S.W.3d 825, 830 (Tex. App.—Dallas 2003, no pet.). Venue may be proper in more than one county under the venue rules. *Wilson v. Texas Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994). However, the plaintiff has the first choice to fix venue in a proper county by filing the suit in the county of his choice. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). A defendant is then entitled to challenge the plaintiff's choice by filing a motion to

3

transfer venue. *See* Tex. R. Civ. P. 86(1).[1] The fact that mandatory venue lies in another county provides one ground for a motion to transfer venue. *Id*. R. 86(3).

In this case, the County's motion to transfer venue was premised on section 51.06 of the Texas Family Code, a mandatory venue provision, which both parties acknowledge governed the trial court's venue determination. Section 51.06 provides in relevant part:

(a)       A proceeding under this title shall be commenced in

       (1)       the county in which the alleged delinquent conduct or conduct indicating a need for supervision occurred; or

       (2)       the county in which the child resides at the time the petition is filed, but only if:

              (a)       the child was under probation supervision in that county at the time of the commission of the delinquent conduct or conduct indicating a need for supervision;

              (b)       it cannot be determined which county the delinquent conduct or conduct indicating a need for supervision occurred; or

---

[1] Here, the County filed its motion to transfer venue, objecting to its initial venue choice of Fayette County, after it had already filed both an original petition and an agreed motion for a finding of probable cause of unfitness to proceed. Nothing in the Texas Rules of Civil Procedure provides that a plaintiff, like the County, may correct its venue choice by filing a motion to transfer venue. *See In re Masonite Corp.*, 997 S.W.2d 194, 197-98 (Tex. 1999) (orig. proceeding) ("The trial court had no discretion to, in effect, grant the plaintiffs a transfer of venue; the plaintiffs had the first choice, but not the second, of a proper venue."); *Tenneco, Inc. v. Salyer*, 739 S.W.2d 448, 449 (Tex. App.—Corpus Christi 1987, orig. proceeding). In addition, under the due-order-of-pleading rule, a challenge to improper venue is waived if it is not made by a written motion filed before or concurrent with any other plea, pleading or motion except a special appearance motion. Tex. R. Civ. P. 86(1); *see Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 666 (Tex. App.—Dallas 2008, no pet.) ("Even mandatory venue provisions can be waived."). Consequently, it is unclear whether the County even had a right to challenge venue and, if it did, whether it waived that right. Nevertheless, because we have decided this case on another basis, we need not reach these issues.

4

(c)    the county in which the child resides agrees to accept the case for prosecution, in writing, prior to the case being sent to the county of residence for prosecution.

Tex. Fam. Code § 51.06(a).

D.J.M. argues that the trial court abused its discretion in transferring his case to Victoria County because it is not a county where venue is proper under section 51.06. In his response to the County's motion to transfer venue, D.J.M. denied that Victoria County was his county of residence at the time the County filed its original petition. D.J.M. asserted that he is a life-long resident of Fayette County, where he has lived with his father and attended school. D.J.M. argued that the only reason he is currently being detained in Victoria County Regional Detention Facility is because there is not an approved juvenile detention facility in Fayette County.[2]

In support of its motion to transfer venue, the County was required to specifically deny any venue facts pleaded by D.J.M. to avoid those facts being taken as true. *See* Tex. R. Civ. P. 87(3). The County has not denied any of the venue facts pleaded by D.J.M. with regard to his connections with Fayette County. Instead, the County argues that, notwithstanding these connections, D.J.M.'s detention in Victoria County, standing alone, is sufficient to establish that he resides in that county for purposes of section 51.06(a)(2).

Though the parties dispute whether venue is proper in Victoria County based on D.J.M.'s residency, this fact is not necessarily dispositive of the venue issue presented in this case.

---

[2] It is not disputed that, at the time the petition was filed by the County, D.J.M. was being detained at the Victoria County Regional Detention Facility.

As the party seeking to transfer venue under a mandatory venue provision, the County had the burden of making a prima facie case that venue is maintainable in Victoria County. *See id.* R. 87(2)(a). Conversely, as the party opposing a transfer of venue, D.J.M. had the burden of making a prima facie case that venue is proper in Fayette County. *See id.* If D.J.M. met this burden, the trial court had no choice but to retain the case against D.J.M. in Fayette County, even if Victoria County would otherwise be a county of proper venue had the case been filed there originally. *See Wilson*, 886 S.W.2d at 261 (explaining that if plaintiff files suit in county of proper venue, it is reversible error for trial court to transfer venue, "even if county of transfer would have been proper if originally chosen by the plaintiff"); *see also* Tex. R. Civ. P. 87(3)(c) (if party opposing venue transfer has "adequately pleaded and made prima facie proof that venue is proper in the county of suit," then trial court shall not transfer case but shall retain case in county of suit.). Because it is potentially dispositive, we first consider whether the trial court could have reasonably concluded that D.J.M. failed to meet his burden to demonstrate that venue is proper in Fayette County under section 51.06.

Section 51.06 restricts venue in juvenile proceedings to two possible locations—(1) the county in which the alleged delinquent conduct occurred or (2) under certain circumstances, the county in which the child resides at the time the petition is filed. Tex. Fam. Code § 51.06. In this case, the County alleged in its original petition that D.J.M.'s delinquent conduct occurred in Fayette County. Moreover, this allegation by the County is supported by the affidavit of a law enforcement officer, in which the officer details his investigation of events that allegedly occurred in Fayette County and that form the basis of the proceedings against D.J.M. The undisputed fact that D.J.M.'s alleged delinquent conduct occurred in Fayette County is sufficient, standing alone, to establish that venue is proper in Fayette County under section 51.06(a)(1). *See* Tex. R. Civ. P. 87(3)(a). The

6

County failed to plead any facts, either in its motion to transfer venue or its original petition, that would support the conclusion that venue is *not* mandatory in Fayette County. Thus, the trial court had no basis to conclude that venue in Fayette County is improper.[3] Because the record before the trial court establishes a prima facie case that venue is proper in Fayette County under section 51.06(a)(1), the trial court abused its discretion in granting the County's motion to transfer venue.[4] *See Wilson*, 886 S.W.2d at 261 ("[I]f the plaintiff chooses a county of proper venue, and this is supported by proof as required by Rule 87, no other county can be proper venue in that case.").

We conditionally grant D.J.M.'s petition for writ of mandamus and direct the trial court to vacate its order transferring venue in this case. The writ of mandamus will not issue unless the trial court fails to do so.

---

[3] Because the record does not reveal that any stipulations or affidavits were presented to the trial court in connection with the County's motion to transfer venue, the trial court's venue determination was based solely on the parties' pleadings and affidavits. *See* Tex. R. Civ. P. 87(3)(b) ("The court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed by the parties in accordance with [Rule 87(3)(a)] or Rule 88."); *see also id*. R. 87(3)(b) ("All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party.").

[4] According to D.J.M., on September 25, 2013, the County informed his attorney that it was planning to obtain an ex parte order transferring the case to Victoria County. The next morning, D.J.M.'s attorney filed a letter with the trial court, objecting to any transfer of the case without notice and a hearing, along with a motion for hearing on transfer of venue. Immediately thereafter, the County filed its motion to transfer venue, and a hearing on the motion was set for October 1, 2013. In his petition for mandamus relief, D.J.M. asserts that the trial court's order should be vacated because he did not receive 45 days notice of the hearing, as required by Rule 87(1) of the Texas Rules of Civil Procedure. *See Henderson v. O'Neil*, 797 S.W.2d 905, 905 (Tex. 1990) (holding that trial court abuses its discretion by ruling on motion to transfer venue without giving parties required notice). In response, the County argues that D.J.M. failed to preserve the issue because he did not move for a continuance on the ground that he did not receive sufficient notice. *See Gentry v. Tucker*, 891 S.W.2d 766, 769 (Tex. App.—Texarkana 1995, no writ). Because we have concluded that the trial court's decision on the merits of the County's motion to transfer venue constituted an abuse of discretion, we need not decide this issue.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Rose and Field

Filed: December 19, 2013