**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00062-CV**
_____

**IN RE TOM RAGSDALE**

===============================================

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 23-05-06364-CV**

===============================================

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Tom Ragsdale seeks to compel the trial court to vacate an order transferring venue of Ragsdale's trespass to try title suit from the county where the land is located. We deny mandamus relief because, under the circumstances presented here, the available remedy is by appeal.

In a default judgment signed by the judge of the County Court at Law of Midland County, Texas in March 2017, Endura Products Corp. recovered $19,430.44 against Ragsdale and Siana Oil & Gas, LLC in Trial Cause Number CC18762. In May 2022, Endura assigned the judgment to Todd Garrett d/b/a Rapid Response. That month, Garrett recorded an abstract of his judgment in Montgomery

County. On January 11, 2023, the Montgomery County Constable executed a Constable's Deed conveying the property at issue in the dispute in the Bentwater subdivision to Hometrader LLC. The deed recited that the property had been seized pursuant to a writ of execution issued on October 11, 2022, out of the County Court at Law of Midland County in Trial Cause Number CC18762 and sold at execution sale for $30,000 to Hometrader LLC on January 3, 2023.

On April 12, 2023, Ragsdale filed a Homestead Affidavit as Release of Judgment Lien. *See* Tex. Prop. Code Ann. § 52.0012. On April 14, 2023, Ragsdale sent Garrett, Endure, and Hometrader notice of filing of the homestead affidavit as a release of lien concerning the subject property. To clear Ragsdale's title to the subject property, Ragsdale demanded an executed and acknowledged Partial Release of Lien from Garrett and Endure and an executed Rescission of Constable's Deed.

On May 3, 2023, Ragsdale sued Hometrader and Garrett, asserting claims for (1) trespass to try title; (2) suit to quiet title; and (3) wrongful levy, execution, and foreclosure in connection with an invalid judgment lien against the subject property. Although he pleaded claims for recovery of land in his original petition, Ragsdale pleaded venue was proper in Montgomery County under a general venue statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

On June 28, 2023, Garrett filed a Motion to Transfer Venue and Plea to the Jurisdiction. He alleged that because Ragsdale's action was seeking to set aside an

2

execution sale, venue for the case was not proper in Montgomery County and that a mandatory venue statute required Ragsdale to bring his action in Midland County. *See id.* § 15.013 ("Actions to restrain execution of a judgment based on invalidity of the judgment or of the writ shall be brought in the county in which the judgment was rendered."). Garrett alleged that a court in Midland County, a county in which the writ of execution had been issued, had the right to exercise exclusive jurisdiction over Ragsdale's suit. *See generally id.* § 65.023(b) ("A writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered.").

The day after Garrett filed his Motion to Transfer Venue, Ragsdale filed his First Amended Petition, asserting that as an action for recovery of real property, venue for the case is mandatory in Montgomery County. *See id.* § 15.011 ("Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located."). Ragsdale affirmatively alleged that he is not seeking to restrain execution of the judgment based on the invalidity of the judgment or the writ. *See id.* § 15.013.

The trial court heard the Motion to Transfer Venue by submission. On September 25, 2023, after considering Ragsdale's pleading and Garrett's Motion to

Transfer Venue and Plea to the Jurisdiction, the trial court found that "when a party seeks to have the execution sale declared void and set aside, both jurisdiction and venue are exclusive to the county issuing the writ of execution[.]" The trial court granted the motion to transfer venue and ordered the case to be transferred to a district court in Midland County.

On February 20, 2024, Ragsdale filed his mandamus petition with the appellate court. He argues section 15.013 of the Civil Practice and Remedies Code does not apply because the execution sale has already occurred, and if it does apply, section 15.011 makes Montgomery County a county of mandatory venue. *See id.* §§ 15.011, 15.013. Where more than one county is a county of proper venue the plaintiff's choice of venue prevails. *See Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994).

In his response, Garrett argues we should deny mandamus relief under the doctrine of laches. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Generally, a party may apply for a writ of mandamus to enforce the mandatory venue provisions of Chapter 15 of the Civil Practice and Remedies Code up to the later of 90 days before the date the trial starts or 10 days after the date the party received notice of trial setting. *See* Tex. Civ. Prac. & Rem. Code § 15.0642. Here, however, the trial court signed an order transferring venue of the case to Midland County on September 25, 2023. "After a trial court grants a

4

motion to transfer venue, it retains plenary jurisdiction over the case for thirty days." *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). The trial court's authority to vacate the order expires after that date. *Id.*

Ragsdale argues the trial court abused its discretion by transferring venue to Midland County but he does not argue that the order is void. The trial court's order transferring venue from Montgomery County to Midland County was final before Ragsdale filed his mandamus petition. *See id.* Ragsdale does not suggest that he received notice of the transfer order more than thirty days after the trial court signed the order. *See In re Rino-K&K Compression, Inc.*, 656 S.W.3d 153, 162-63 (Tex. App.—Eastland 2022, orig. proceeding) (granting mandamus relief where the relator did not have an opportunity to file a timely post-judgment motion or other request while the trial court retained plenary power because it was unaware of and did not receive notice of the transfer order during that thirty-day period). We deny the petition for a writ of mandamus.[1]

---

[1] Section 15.0642 of the Civil Practice and Remedies Code allows a party to seek mandamus review to enforce a mandatory venue provision, but that section does not preclude a party from waiting to raise the preserved issue on appeal. *See Campos v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, 282 S.W.3d 226, 232 (Tex. App.—Austin 2009, no pet.). Because the issue might arise on appeal after final disposition of the case in Midland County, we express no opinion regarding the trial court's ruling on the motion to transfer and this opinion should not be construed as either approving or disapproving the trial court's ruling on or rationale for granting the motion to transfer.

PETITION DENIED.

PER CURIAM

Submitted on March 4, 2024
Opinion Delivered June 20, 2024

Before Horton, Johnson and Wright, JJ.